# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2011

No. 10-60608
Summary Calendar

Lyle W. Cayce
Clerk

MIGUEL ANGEL MORENO-LOPEZ; MIGUEL DE JESUS MORENO-VELASQUEZ,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 934 934
BIA No. A094 934 935

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioners Miguel Angel Moreno-Lopez and his son Miguel De Jesus Moreno-Velasquez, natives and citizens of Honduras, petition this court for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).   The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitioners contend that Moreno-Lopez established past persecution and a well-founded fear of future persecution on account of his political opinion because he belonged to the Liberal Party; he was assaulted, threatened, and harassed by members of the Liberal Party; the persecution was on account of his political opinion; and he moved to another city in Honduras to try to get away from his attackers.  The Petitioners also argue that the BIA should have found them eligible for relief under the CAT because the Honduran government is unable or unwilling to protect them.

The Respondent contends that the Petitioners failed to exhaust their administrative remedies with respect to their asylum claim and, thus, this court lacks jurisdiction to consider the denial of that claim.  In the alternative, the Respondent contends that the Petitioners have abandoned their challenge to the BIA's decision by failing to adequately brief the dispositive issues in their petition for review.

The general arguments that the Petitioners were entitled to asylum, withholding of removal, and relief under the CAT were raised, presented, and mentioned in their brief to the BIA.  Although these arguments were presented in a less-developed form, the Petitioners "made some concrete statement before the BIA to which they could reasonably tie their claims before this court." *Omari v. Holder*, 562 F.3d 314, 322 (5th Cir. 2009); *see also Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 206-07 (5th Cir. 2007).  Thus, the Petitioners exhausted their administrative remedies, and this court has jurisdiction to review the BIA's decision affirming the IJ's denial of their application for asylum, withholding of removal, and relief under the CAT.

The Petitioners do not address the IJ's findings that: (1) the mistreatment Moreno-Lopez suffered did not rise to the level of persecution for asylum purposes; (2) there was no nexus between the mistreatment and Moreno-Lopez's political opinion; and (3) Moreno-Lopez failed to show that he could not relocate safely within Honduras.  Their assertion that Moreno-Lopez moved to another

city in Honduras to try to get away from his attackers is belied by the record, and their conclusional allegations are insufficient to compel a contrary conclusion as to their asylum, withholding of removal, or CAT claims. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Accordingly, their petition for review is DENIED.